THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00043-MR-WCM-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| JOHN PAUL ROBERTS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a motion filed by Shirley Wells on behalf of the Defendant John Paul Roberts. [Doc. 65].

The Defendant pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced on April 20, 2023, to a term of 151 months' imprisonment. [Doc. 60]. He did not file a direct appeal.

The present motion before the Court was filed by Shirley Wells, a person who claims to hold a power of attorney for the Defendant. Ms. Wells purports to move for a reduction of the Defendant's sentence pursuant to

Part B of Amendment 821 to the United States Sentencing Guidelines. [Doc. 65].

To the extent that Ms. Wells is attempting to appear in this matter on the Defendant's behalf, this motion must be denied. Appearances in federal court are governed by 28 U.S.C. § 1654, which permits parties "[i]n all of the Courts of the United States ... [to] plead and conduct their own cases personally or by counsel...." 28 U.S.C. § 1654. This section, which codifies the Sixth Amendment's right to counsel, allows a litigant a choice between representation by counsel and self-representation. See Faretta v. California, 422 U.S. 834 (1975). The term "counsel" as used in this context, however, refers only to an individual authorized to practice law. See United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977). The right to assistance of counsel does not include the right to representation by a person unlicensed to practice law. United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978); see also United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (holding that the defendant had no right to be represented by non-lawyer); United States v. Wilhelm, 570 F.2d 461, 465 (3d Cir. 1978) (rejecting contention that defendant had constitutional right "to be represented by a friend who is neither a law school graduate nor a member of the bar"). The fact that Ms. Wells may hold a power of attorney for the Defendant does not permit her to

represent the Defendant in this matter.  See Myers v. AT&T Corp., No. 2:13-cv-1432-RMG, 2013 WL 4823282, at *2 (D.S.C. Sept. 9, 2013).  Accordingly, the motion is denied.[1]

**IT IS, THEREFORE, ORDERED** that the motion filed by Shirley Wells on behalf of the Defendant John Paul Roberts [Doc. 65] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 12, 2024

Martin Reidinger
Chief United States District Judge

---

[1] Even if the motion had been properly filed, the Defendant would not be entitled to the relief he seeks.  Part B of Amendment 821, effective November 1, 2023, amended the offense-level calculation for certain zero-point offenders.  As revised, § 4C1.1 provides for "a decrease of two levels . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." U.S.S.C. Supp. to App'x, Am. 821 at 242; U.S.S.G. § 4C1.1 (2023).  Here, the Defendant received one (1) criminal history point.  [Doc. 48: PSR at ¶¶ 150-51].  As such, he is not eligible relief under Part B of Amendment 821.